**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS**

ESTATE OF WYATT T. JOHNSON, BY AND THROUGH WAYNE JOHNSON, ADMINISTRATOR AND WAYNE JOHNSON, INDIVIDUALLY AND AS AN HEIR OF WYATT T. JOHNSON,

Plaintiffs,

v.

UNITED PARCEL SERVICE, INC.

Defendant.

Case No:

**COMPLAINT**

COME NOW the Plaintiffs, by and through counsel of record, Christopher J. Omlid and Richard W. James of DeVaughn James Injury Lawyers, and for Plaintiffs' claims against the Defendant, allege and state:

1. Wayne Johnson is a resident and citizen of Coffeyville, Montgomery County, Kansas.

2. The Estate of Wyatt T. Johnson is an estate proceeding filed in the Fourteenth Judicial District of Kansas; Case No. MGC-2025-PR-39.

3. Wayne Johnson has been appointed the administrator of the Estate of Wyatt T. Johnson in case MGC-2025-PR-39.

4. At his time of death, decedent Wyatt T. Johnson was a resident and citizen of Coffeyville, Montgomery County, Kansas.

5. Defendant, United Parcel Service, Inc. (herein after "Defendant UPS), is a for-profit

corporation incorporated in Ohio with its principal place of business within the State of Georgia. It may be served through its registered agent, Corporation Service Company, located at 1100 SW Wanamaker Road, Suite 103, Topeka, Kansas 66604.

6. This Court therefore has jurisdiction over the persons and subject matter.

7. Venue is proper in the County division of the District of Kansas.

8. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

9. On June 16, 2025, Derek Taggart, in the course and scope of his employment, was operating a box truck owned by UPS.

10. Derek Taggart caused a collision with the motorcycle Wyatt T. Johnson was operating.

11. Wyatt T. Johnson was traveling northbound on County Road 4300 in Montgomery County, Kansas.

12. At the same place and time, Derek Taggart was traveling southbound on County Road 4300 in Montgomery County, Kansas.

13. Derek Taggart attempted a left turn into a driveway causing a collision with Wyatt T. Johnson.

14. The June 16, 2025 collision resulted in the death of Wyatt T. Johnson.

15. This action violated 49 C.F.R. 392.2, K.A.R. 82-4-3h, and K.S.A. 8-1527.

16. The box truck being operated by Derek Taggart at the time of the wreck weighed more than 26,000 pounds combined.

**<u>COUNT 1: Common Law Respondeat Superior Negligence of UPS</u>**

17. All previous paragraphs and allegations are incorporated by reference.

18. At all times relevant herein, Derek Taggart was an employee and/or agent of Defendant UPS and was operating in the course and scope of his employment with UPS.

19. Defendant UPS is responsible for the negligence of its agents/employees and specifically vehicle driver, Derek Taggart, under principles of respondeat superior and vicarious liability.

20. The actions and omissions of Derek Taggart were negligent for the following reasons:

a. Failing to yield the right-of-way when turning left;

b. Inattentive operation of a motor vehicle;

c. Driving while distracted generally;

d. Driving while distracted by a cell phone;

e. Failure to keep a proper lookout;

f. Failure to give warning;

g. Failure to take evasive action;

h. Careless driving;

i. Failing to operate the vehicle in a safe and prudent manner, thereby placing the well-being of the public in general, and Wyatt T. Johnson in particular, in danger;

j. Failing to adhere to safe driving principles expected of professional drivers;

k. Failing to operate the box truck in accordance with generally accepted safety

principles for professional drivers and/or the commercial motor vehicle industry;

l. Such other specifications of negligence that shall be added by amendment or proven at trial.

21. These actions caused Wyatt T. Johnson injuries and death.

22. As a result of Derek Taggart's negligence, Wyatt T. Johnson died; suffered conscious pain and suffering; and ultimately a wrongful death. Plaintiffs' damages include funeral expenses, past medical expenses; past and future economic damages and past and future non-economic damages, and a wrongful death.

**Count 2: Common law direct negligence of UPS**

23. All previous paragraphs and allegations are incorporated by reference.

24. Count 2 is not asserting a negligence *per se* claim, but rather a common law claim based on UPS's failure to exercise reasonable care under the circumstances to prevent Plaintiffs from being harmed by its employees. *Estate of Parsons v. King*, 310 Kan. 897, 907, 452 P.3d 849, 857 (2019).

25. UPS is a motor carrier operating under authority through the United States Department of Transportation with an assigned D.O.T. number of 021800. The truck being operated by Derek Taggart was owned, maintained, dispatched, supervised, controlled and repaired by UPS and was used as a commercial motor vehicle in both intrastate and interstate business making it subject to the Federal Motor Carrier Safety Administration regulations under 49 C.F.R. Sections 381 *et. seq*.

26. 49 C.F.R. § 390.3(e)(1)-(2) and K.A.R. 82-4-3f(a)(1)(E)-(F) provide that every driver and employee shall be instructed regarding and shall comply with all applicable regulations contained in the FMCSR.

27. UPS was at all material times a "motor carrier" and an "employer" of its driver Derek Taggart in regard to the operation of a commercial motor vehicle as defined in 49 C.F.R. §390.5 and K.A.R. 82-4-3f.

28. 49 C.F.R. § 392.2 and K.A.R. 82-4-3h provide that every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated—in this case, Kansas.

29. The FMCSRs are located at 49 C.F.R. § 390 et seq. The FMCSRs set forth the applicable minimum industry standard of care including the minimum qualifications for drivers and the minimum duties for drivers under 49 C.F.R. § 391.1(a) & (b).

30. The FMCSRs are adopted by Kansas law and regulations at K.S.A. 66-1,129 and K.A.R. 82-4-1, *et seq*.

31. UPS hired, supervised, and trained Derek Taggart.

32. UPS failed to instruct Derek Taggart on the applicable hours of service regulations.

33. UPS failed to supervise Derek Taggart to ensure he was complying with the applicable hours of service regulations.

34. UPS failed to instruct Derek Taggart on the dangers of driving while distracted.

35. UPS failed to supervise Derek Taggart to ensure he was not driving while on his phone or otherwise distracted.

36. UPS failed to properly train and supervise Derek Taggart as a cost cutting measure.

37. UPS had at all relevant times a culture of ignoring the applicable state and federal safety regulations, especially as it relates to mobile phone usage, and it refused to take any action to curb noncompliance with said regulations despite actual or constructive knowledge that such violations were occurring on a regular basis among its drivers and Derek Taggart.

38. UPS consciously failed to comply with certain federal safety regulations in training and supervising its drivers and failed to inform Derek Taggart of the same.

39. UPS negligently hired, retained, and supervised Derek Taggart.

40. As a result of UPS's negligence and their employee/agent Derek Taggart, Wyatt T. Johnson, deceased, sustained personal injuries and suffered conscious pain and suffering and ultimately a wrongful death. Plaintiffs' damages include funeral expenses, past medical expenses; past and future economic damages and past and future non-economic damages, and a wrongful death.

**Count 3: Negligence *Per Se* of UPS**

41. All previous paragraphs and allegations are incorporated by reference.

42. UPS is an entity that, among other things, undertakes to haul parcels and other property from place to place for persons or entities that may choose to employ or contract with UPS.

43. UPS is a "public motor carrier of property" under K.S.A. 66-1,108(e).

44. This makes UPS a "common carrier within the meaning of the public utility laws of this state." K.S.A. 66-1,110.

45. UPS also qualifies as a common carrier under K.S.A. 66-105 as UPS is an entity operating for public use in the conveyance of property within this state.

46. K.S.A. 66-176 provides that "[a]ny … common carrier which violates any of the provisions of law for the regulation of … common carriers shall forfeit, for every offense, to the person, company or corporation aggrieved thereby, the actual damages sustained by the party aggrieved, together with the costs of suit and reasonable attorney fees, to be fixed by the court."

47. K.S.A. 66-176 creates a private cause of action against common carriers for violations of any of the laws or regulations applicable to a common carrier that causes injury. *E.g. Dietz v. Atchison, Topeka & Santa Fe Ry. Co.,* 16 Kan. App. 2d 342, 347, 823 P.2d 810, 815 (1991).

48. As detailed above, Derek Taggart and UPS violated the following provisions of law for the regulation of common carriers:

a. 49 C.F.R. § 390.3(e)(1)-(2);

b. K.A.R. 82-4-3f;

c. 49 C.F.R. 392.80;

d. 49 C.F.R. 392.82;

e. 49 C.F.R. 392.3;

f. 49 C.F.R. 395.3;

g. K.S.A. 66-1,129;

h. K.A.R. 82-4-3h;

i. K.A.R. 82-4-3a

49. Each of these violations "aggrieved" Plaintiff within the meaning of K.S.A. 66-176 in that they were the proximate cause of Derek Taggart being on the road on June 16, 2025, and the proximate cause for the wreck where Wyatt T. Johnson's personal

injuries and ultimate wrongful death was sustained.

50. Therefore, Plaintiffs, in addition to their actual damages and costs, are entitled to reasonable attorney fees.

**Count 4: Punitive Damages for Willful and Wanton Conduct of UPS**

51. All previous paragraphs and allegations are incorporated by reference.

52. At the time of the crash, Derek Taggart and UPS were fully aware or should have known of the fact that Derek Taggart being on his cell phone would distract him.

53. At the time of the crash, Derek Taggart and UPS were fully aware or should have known that distracted driving put the motoring public in danger of serious injury or death.

54. At the time of the crash, Derek Taggart and UPS were fully aware or should have known that distracted driving injures or kills many people each year.

55. At the time of the crash, Derek Taggart and UPS were fully aware or should have known that if a drivers' reaction time is slowed, even for a very short period of time, then the odds of a crash greatly increase.

56. After the impact, Derek Taggart admitted to being distracted by his phone to at least one witness at the scene of the crash.

57. Derek Taggart's decision to take his eyes of the road to utilize his phone constituted willful and wanton conduct under the circumstances.

58. UPS's drivers had a history of being distracted by cell phones while driving and UPS has made the conscious decision to not monitor their drivers for such cell phone usage while driving.

59. UPS ratified and authorized the willful and wanton conduct of Derek Taggart by

failing to fully investigate this matter, failing put into the place monitoring systems to detect and deter distracted driving, failing to sufficiently discipline Derek Taggart, negligently retaining Derek Taggart, and failing to correct Derek Taggart.

60. UPS ratified and authorized the willful and wanton conduct of Derek Taggart by not instructing on 49 C.F.R. 392.80 and by not instructing on the dangers that phones can pose as a distraction through safety meetings or otherwise.

61. This wanton and willful conduct caused Plaintiffs' damages and the wrongful death of Wyatt T. Johnson.

WHEREFORE, Plaintiffs pray for judgment against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), punitive damages, attorney fees, costs, and for such other and further relief as the Court deems just and equitable.

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COME NOW the Plaintiffs and demand a pretrial conference and trial by a jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

COME NOW the Plaintiffs and designate Kansas City, Kansas as the place for trial of this matter.

Respectfully submitted,

DeVaughn James Injury Lawyers

By: */s/ Christopher J. Omlid*

Christopher J. Omlid, #26632
Richard W. James, #19822
3241 N. Toben
Wichita, KS 67226
316-888-8888 [t]
316-425-0414 [f]
comlid@devaughnjames.com
rjames@devaughnjames.com
*Attorneys for Plaintiffs*